IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EVA LORINI,                          )
        Plaintiff,              )
                                     )
    vs                             )   Civil Action 08-1363
                                     )
PROGRESSIVE NORTHERN INSURANCE       )
COMPANY,                             )
        Defendant.              )

MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

       Presently before the Court is the defendant's motion to dismiss this declaratory judgment action. For reasons discussed below, the defendant's motion to dismiss (Document No. 10) will be granted, as the Court declines to exercise its discretionary jurisdiction over this declaratory judgment action.

       On September 30, 2008, the plaintiff, Eva Lorini, filed a "declaratory judgment complaint", seeking a declaration that she is entitled to first party medical benefits and underinsured motorist benefits under an automobile insurance policy issued by defendant Progressive Northern Insurance Company ("Progressive Northern"). The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

       In her complaint for a declaratory judgment, the plaintiff contends that she is identified as an insured under a Progressive Northern insurance policy which provides for $10,000 in first party medical benefits and $100,000 combined single limit underinsured motorist benefits (the "policy"); that the policy provides coverage to a vehicle that was available for her

use and is owned by John E. McCloskey, who does not drive due to his advanced age and is an excluded driver under the policy; that on September 29, 2007, the plaintiff was a rear seat passenger in an automobile owned by a third party which was involved in a wreck; that the plaintiff suffered serious physical injuries as a result of the mishap; and that Progressive Northern has refused her request to provide first party medical benefits and underinsured motorist benefits -- as it believes she does not meet the definition of "an insured" under its policy -- such that she now seeks a declaratory judgment on the issue.

On or about October 9, 2008, Progressive Northern filed its own declaratory judgment action against Eva Lorini in the Court of Common Pleas of Allegheny County, PA (at GD-08-21545) concerning the parties' insurance dispute. In that case, Ms. Lorini filed a notice of removal to this Court on October 29, 2008, and the case was docketed at C.A. 08-1514. On November 12, 2008, Progressive Northern moved to remand the action on grounds that removal was improper under 28 U.S.C. § 1441(b). Eva Lorini did not oppose the motion to remand, and in an Order dated November 24, 2008, this Court remanded the case to the Court of Common Pleas of Allegheny County, PA, where it is pending (the "state court suit").

The Declaratory Judgment Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party". 28 U.S.C. § 2201 (italics added).[1] The jurisdiction conferred by the Declaratory Judgment Act is discretionary, and district courts

---

1. In pertinent part, the Declaratory Judgment Act provides:
   In a case of actual controversy within its jurisdiction,... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

are under no compulsion to exercise it.  State Auto Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000), citing Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494 (1942); accord, Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995).

The Third Circuit Court of Appeals has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law."  Atlantic Mutual Insurance Co. v. Gula, 84 Fed.Appx. 173, 2003 WL 22962947, *2 (3d Cir., Dec. 17, 2003), citing Summy, supra, 234 F.3d at 134-35.  Conversely, district courts do "not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include[ ] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  Summy, 234 F.3d at 134.  None of these exceptions to the Court's discretionary jurisdiction are present here.

In Summy, our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  Id. at 136.  Indeed,

> the state's interest in resolving its own law must not be given short shrift simply because one party ... perceive[s] some advantage in the federal forum.  When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

Id.

In cases as here, where a declaratory judgment action involves solely an issue of insurance coverage, relevant considerations include a general policy of restraint when the same issue is pending in state court and avoidance of duplicative litigation. Gula, 84 Fed.Appx. at 174, citing Summy, 234 F.3d at 134.  Here, the issue of whether Eva Lorini is entitled to underinsured

motorist coverage is currently pending in the state court suit. To have the parties litigate their dispute in this forum would amount to duplicative litigation, which is a factor that strongly weighs against this Court's exercise of jurisdiction. Summy, 234 F.3d at 135.[2]

Importantly, the sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest. This weighs heavily against exercising jurisdiction over this declaratory judgment action. Allstate Insurance Co. v. Seelye, 198 F.Supp. 2d 629, 631 (W.D.Pa. 2002). In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." Gula, 84 Fed.Appx. at 174 (citation omitted). Further, since state law on the issue is well settled, there is even less reason for the parties to litigate their dispute in federal court. Summy, 234 F.3d at 136; Seelye, 198 F.Supp.2d at 631. For these reasons, and because the parties can resolve their dispute in the state court suit, the Court declines to exercise its discretionary jurisdiction over this declaratory judgment action.

An appropriate Order will be entered.

---

2. In opposing the defendant's motion to dismiss, the plaintiff attempts to distinguish this case from the state court suit, arguing that in this action, she seeks a declaratory judgment as to her entitlement to first party medical and underinsured motorist benefits, whereas in the state court suit, Progressive Northern seeks a declaration only on the issue of underinsured motorist coverage. In response to this argument, Progressive Northern asserts that to the extent the plaintiff has standing to litigate the issue of first party medical benefits, she can raise it by counterclaim in the state court suit. We agree. The plaintiff also opposes dismissal of this case on grounds that a potential witness, John E. McCloskey, III, who purchased the insurance for the vehicle at issue and resides in New York City, would be subject to a federal subpoena, but not to the subpoena power of the Court of Common Pleas. Progressive Northern asserts that jurisdiction over a potential witness is not a factor upon which this Court should rely in ruling on its motion to dismiss. It also insists that it will be possible to subpoena and depose Mr. McCloskey in the state court suit if that becomes necessary. Having considered the plaintiff's arguments, the Court declines to exercise its discretionary jurisdiction over this suit.

# O R D E R

AND NOW, this 12th day of December 2008, for the reasons set forth in the Court's Memorandum Opinion,

IT IS ORDERED that the defendant's motion to dismiss (Document No. 10) is granted.

s/ ROBERT C. MITCHELL
United States Magistrate Judge